UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TYJUAN J. DIXON, | |
| Petitioner, | |
| v. | CAUSE NO. 3:18CV749-PPS//MGG |
| WARDEN, | |
| Respondent. | |

<u>OPINION AND ORDER</u>

TyJuan J. Dixon, a prisoner without a lawyer, filed a habeas petition under 28 U.S.C. § 2254 to challenge his conviction for murder and attempted murder in Case No. 45G01-910-MR-9 in Lake County Superior Court. On October 6, 2011, following a jury trial, the court sentenced Dixon to 136 years of incarceration. In his habeas petition, Dixon asserts that he is entitled to relief based on several claims of ineffective assistance of counsel. The Warden responds that these claims are procedurally defaulted because Dixon did not present them to the Indiana Court of Appeals or to the Indiana Supreme Court. Dixon replies that an institutional lockdown prevented him from filing a procedurally compliant brief with the Court of Appeals of Indiana. In a previous order, I found that the record was insufficiently developed to rule on the issue of whether the procedural default should be excused, and I ordered the parties to brief the issue of whether the lockdown prevented Dixon from fairly presenting his claims at the post-conviction stage in State court. ECF 10. This issue is now fully briefed. ECF 21, ECF 31.

Before considering the merits of a habeas petition, I must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To avoid procedural default, a habeas petitioner must fully and fairly present his federal claims to the State courts. *Boyko v. Parke*, 259 F.3d 781, 788 (7th Cir. 2001). Fair presentment "does not require a hypertechnical congruence between the claims made in the federal and state courts; it merely requires that the factual and legal substance remain the same." *Anderson v. Brevik*, 471 F.3d 811, 814–15 (7th Cir. 2006) (citing *Boyko*, 259 F.3d at 788). It does, however, require "the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Lewis*, 390 F.3d at 1025 (internal quotations and citations omitted). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Id.*

The parties agree that Dixon has procedurally defaulted his claim because he did not file a procedurally compliant appellate brief, but they dispute whether I should excuse the procedural default because an institutional lockdown caused him to procedurally default on his habeas claims in State court. A habeas petitioner can overcome procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433

U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 2382 (2009). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense" which prevented a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 492 (1986).

On September 7, 2017, Dixon submitted his brief to the Indiana Court of Appeals in support of his appeal of the denial of his petition for post-conviction relief. ECF 21-6. On October 5, the appellate court issued a notice of a defective brief, advising Dixon that he needed to attach the order denying the petition for post-conviction relief and provided him with twenty days to do so. ECF 21-7. From September 22 to October 26, correctional officials placed the Indiana State Prison, the facility where Dixon resides, on lockdown, which prevented all inmates from going to the law library. ECF 31-1 at 4. Dixon did not submit a corrected appellate brief thereafter, and, on March 19, 2018, the appellate court dismissed the case with prejudice because a proper appellate brief had not been filed. ECF 10-7; ECF 10-8.

The Warden has now submitted several of the relevant documents, including a copy of the procedurally deficient appellate brief and the appellate court's notice of defect. In the deficient appellate brief, Dixon raised three claims: (1) the Lake Superior Court erred by denying him a subpoena; (2) the Lake Superior Court erred by denying his motion for a release of information from governmental agencies, hospitals, and schools; and (3) the Lake Superior Court violated Indiana Trial Procedure Rule 53.1, which allows litigants to petition the Indiana Supreme Court for the appointment of a special judge under certain circumstances if a trial court does not issue a timely ruling.

ECF 21-6. By contrast, the habeas petition filed here includes claims that trial counsel rendered ineffective assistance by failing to investigate Dixon's mental health, by failing to object to prosecutorial misconduct, by failing to obtain an earlier trial setting, and by failing to file a petition for transfer to the Indiana Supreme Court on direct review. ECF 1.

In the deficient appellate brief, Dixon also broadly contended that the Lake Superior Court erred by denying his petition for post-conviction relief and referred to two underlying ineffective assistance of counsel claims in connection with his procedural claims. The Indiana Rules of Appellate Procedure state:

> The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22.

Ind. R. App. 46(A)(8)(a). Under this provision, Indiana appellate courts routinely find that litigants have waived issues by making sweeping statements of constitutional error rather than presenting a cogent argument with appropriate citations to the record and legal authority. *See e.g., Wentz v. State*, 766 N.E.2d 351, 362 (Ind. 2002); *Timberlake v. State*, 753 N.E.2d 591, 602 (Ind. 2001); *Smith v. State*, 822 N.E.2d 193, 202–03 (Ind. App. 2005).

Though Dixon referred to two of his habeas claims in the defective brief, he offered few citations to the record and no citations to legal authority to support these claims. He also did not explain how counsel had performed deficiently for each claim or how improved performance in each of these respects might have affected the outcome of his case. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). Moreover, the

appellate court may have been able to resolve the procedural claims without any meaningful discussion of the underlying constitutional claims. *See e.g.,* Ind. R. Civ. P. 53.1(B)(4) (exempting rulings on petitions for post-conviction relief from thirty-day timeliness requirement); Ind. Post-Conviction Relief R. 1(9)(b) (requiring petitioner seeking subpoenas to file an affidavit explaining the need and relevance of witness testimony); Ind. Code Ann. § 16-39-3-3 (allowing certain individuals to petition the courts to obtain a mental health record without the patient's written consent). Under these circumstances, I find that the underlying ineffective assistance of counsel claims would have remained procedurally defaulted even if the appellate court had waived the procedural requirements and accepted the brief.

Additionally, I observe that the notice of defect provided Dixon with the opportunity to correct the defect but expressly prohibited him from making "substantive changes or changes that are not responsive to the defect(s) noted above." ECF 21-7 at 3. In other words, the defective brief did not properly assert any of the ineffective assistance of counsel claims raised in his habeas petition, and Dixon would have been prevented from properly asserting them in a revised brief regardless of the institutional lockdown.

Finally, Dixon argues that I should excuse the procedural default under *Martinez v. Ryan*, 566 U.S. 1 (2012). In that case, the Supreme Court of the United States held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. However, this holding did not apply to "attorney errors in other kinds of

5

proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Id.* at 16. The parties do not dispute that Dixon asserted the ineffective assistance of counsel claims in the petition for post-conviction relief but procedurally defaulted on them at the appellate level. Because the procedural default occurred at the appellate level, Dixon cannot establish cause for procedural default under *Martinez*. *See Martinez*, 566 U.S. at 16 ("Coleman held that an attorney's negligence in a postconviction proceeding does not establish cause, and this remains true except as to initial-review collateral proceedings for claims of ineffective assistance of counsel at trial.").

Pursuant to Section 2254 Habeas Corpus Rule 11, I must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling, so there is no basis for encouraging Dixon to proceed further in federal court.

ACCORDINGLY, the court:

(1) DISMISSES the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are procedurally defaulted;

6

(2) DENIES TyJuan J. Dixon, a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on April 8, 2021.

               /s/ Philip P. Simon
              JUDGE
              UNITED STATES DISTRICT COURT